CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 2 2 2018

JULIA C. DUDLEY, CLERK
BY: ⎯⎯⎯⎯⎯⎯⎯⎯
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

EARL N. REDD, )
 ) Civil Action No. 7:17CV00089
    Plaintiff, )
 ) **MEMORANDUM OPINION**
v. )
 ) By: Hon. Glen E. Conrad
NANCY A. BERRYHILL, Acting ) Senior United States District Judge
Commissioner of Social Security, )
 )
    Defendant. )

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Earl N. Redd, was born on February 12, 1968, and eventually completed his high school education. Mr. Redd previously worked as a commercial cleaner. He stopped working completely in 2014. On July 23, 2012 and November 20, 2012, respectively, Mr. Redd filed applications for disability insurance benefits and supplemental security income benefits. In filing his current claims, Mr. Redd alleged that he became disabled for all forms of substantial gainful employment on October 18, 2010, due to pancreatitis, back pain, and stuttering. At the time of an administrative hearing on August 26, 2015, plaintiff amended his applications so as to reflect an alleged disability onset date of January 9, 2015. (Tr. 66). Mr. Redd now maintains

that he has remained disabled to the present time. With respect to his application for disability insurance benefits, the record reveals that Mr. Redd met the insured status requirements of the Act through the fourth quarter of 2016, but not thereafter. See generally, 42 U.S.C. §§ 416(i) and 423(a). Consequently, plaintiff is entitled to a period of disability and disability insurance benefits only if he has established that he became disabled for all forms of substantial gainful employment on or before December 31, 2016.

Mr. Redd's applications were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated October 6, 2015, the Law Judge also determined that Mr. Redd is not disabled. The Law Judge found that Mr. Redd suffers from several severe impairments, including "lumbar strain/lumbago, peripheral artery disease in the right upper extremity, and chronic obstructive pulmonary disease (COPD)." (Tr. 43). Nevertheless, the Law Judge determined that Mr. Redd retains the residual functional capacity to perform a limited range of light exertional activity. The Law Judge assessed Mr. Redd's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except he cannot tolerate exposure to hazards or climbing ladders, ropes, or scaffolds. He can occasionally handle, finger, and feel with the right upper extremity. He can tolerate occasional exposure to pulmonary irritants and chemicals.

(Tr. 44). Given his residual functional capacity, and after considering Mr. Redd's prior work experience and the testimony of a vocational expert, the Law Judge determined that Mr. Redd is unable to perform his past relevant work as a commercial cleaner. However, the Law Judge found that Mr. Redd retains sufficient functional capacity to perform certain light work roles existing in significant number in the national economy. (Tr. 50). Accordingly, the Law Judge concluded that Mr. Redd is not disabled, and that he is not entitled to benefits under either federal

2

program. See generally 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Redd has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

On appeal, Mr. Redd raises several arguments, including that the Law Judge improperly assessed the medical opinion evidence and disregarded the treating physician rule in determining his residual functional capacity. This particular argument was the subject of supplemental briefing by the parties. After reviewing the record and considering the parties' arguments, the court finds "good cause" to remand the case to the Commissioner for further development and consideration. See 42 U.S.C. § 405(g).

Under the regulations setting forth the standards for evaluating medical opinion evidence, the opinion of a treating physician is entitled to "'controlling weight' . . . so long as the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]'" Lewis v. Berryhill, 858 F.3d 858, 867 (4th Cir. 2017) (alterations in original) (quoting 20 C.F.R. §§

3

404.1527(c)(2) and 416.927(c)(2)); see also Brown v. Comm'r Soc. Sec., 873 F.3d 251, 268-69 (4th Cir. 2017). When the Law Judge does not give controlling weight to a treating physician's opinion, the Law Judge must consider a nonexclusive list of factors to determine what weight to give the opinion of the treating physician and all other medical opinions in the record. Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005); see also 20 C.F.R. §§ 404.1527(c) and 416.927(c) (listing the factors to be considered). The Law Judge must also provide "good reasons in [his] notice of determination or decision for the weight [he] give[s] [the] treating source's medical opinion." 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2); see also SSR 96-8p, 1996 SSR LEXIS 5 (July 2, 1996) ("If the [residual functional capacity] assessment conflicts with an opinion from a medical source, the [Law Judge] must explain why the opinion was not adopted."). Unless the Law Judge "explicitly indicates the weight given to all of the relevant evidence," a reviewing court cannot determine whether the Law Judge's findings are supported by substantial evidence. Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984); see also Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) ("We have held that '[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling,' including 'a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence.'") (quoting Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013)).

In this case, the record reveals that Mr. Redd began to experience pain and numbness in his right wrist and arm in January of 2013, when he was hospitalized for three days and diagnosed with deep vein thrombosis of the upper extremity. (Tr. 532-33). That same year, Mr. Redd injured his back while unloading a truck at work. (Tr. 663). Mr. Redd subsequently sought treatment for back pain and pain and numbness in his right upper extremity on multiple occasions. (Tr. 575, 631, 743, 758, 833, 860, 868, 877, 886, 915, 928, 959, 982). One of Mr. Redd's treating

4

physicians was Andrew M. Walters, M.D., a physician at Carilion Clinic Family Medicine – Roanoke/Salem, where Mr. Redd was treated for diagnoses of chronic lower back pain and chronic right wrist pain. On July 23, 2015, Dr. Walters completed an assessment of Mr. Redd's physical capabilities. Dr. Walters opined that Mr. Redd can stand or walk for two hours at a time and for a total of five hours in an eight-hour workday; that he can sit for three hours at a time and for a total of five hours in an eight-hour workday; and that he can frequently lift up to ten pounds and occasionally lift up to fifteen pounds. (Tr. 819). Dr. Walters further opined that Mr. Redd cannot use his right hand for simple grasping or fine manipulation, and that he "requires opportunities beyond normal workbreaks during an 8 hour day to lie down to rest or be inactive for a certain period as he finds necessary." (Tr. 819).

In determining Mr. Redd's residual functional capacity, the Law Judge did not discuss or assign weight to all of Dr. Walters' opinions. Instead, after recounting Dr. Walters' assessment, the Law Judge summarily stated as follows: "The undersigned accords some weight to [Dr. Walters'] opinion to the extent that it recognizes the claimant's capacity for a range of light exertional work activity." (Tr. 48). Notably, the Law Judge did not address, much less provide "good reasons" for rejecting, Dr. Walters' opinion regarding plaintiff's inability to use his right hand for grasping or fine manipulation, or Dr. Walters' opinion that the plaintiff would require extra breaks to lie down or rest during an eight-hour workday. 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2). Because these opinions were inconsistent with the Law Judge's determination of plaintiff's residual functional capacity, the Law Judge was required to explain why the opinions were not adopted. See SSR 96-8p, 1996 SSR LEXIS 5 (July 2, 1996). In the absence of such explanation, the court is unable to determine whether the Law Judge's decision is supported by substantial evidence. See Monroe, 826 F.3d at 191 (observing that neither the appellate court nor the district court can undertake a meaningful substantial-evidence review unless a Law Judge

5

adequately explains his reasons for the differing weights assigned to medical opinions); see also Bogley v. Berryhill, No. 16-2381, 2017 U.S. App. LEXIS 25144, at *3 (4th Cir. Dec. 13, 2017) (concluding that it was "not possible . . . to conduct meaningful appellate review of the ALJ's decision," since "the ALJ did not discuss or assign weight to all of the opinions of [the claimant's] treating physician . . . and these opinions were inconsistent with the ALJ's determination of [the claimant's] residual functional capacity"). Accordingly, remand is appropriate.[1]

For the reasons stated, the court finds "good cause" to remand the case to the Commissioner for further development and consideration.[2] If the Commissioner is unable to decide this case in plaintiff's favor on the basis of the existing record, the Commissioner will conduct a supplemental administrative hearing at which both sides will be allowed to present additional evidence and argument. An appropriate order of remand will be entered this day.

The Clerk is directed to send certified copies of this memorandum opinion to all counsel of record.

DATED: This 22nd day of January, 2018.

_____
Senior United States District Judge

---

[1] The court declines the Commissioner's invitation to review the record de novo to discover evidence that supports the Law Judge's decision to discount Dr. Walters' opinions. The United States Court of Appeals for the Fourth Circuit has made clear that it is "not [the reviewing court's] province . . . to engage in [fact-finding] exercises in the first instance." Radford, 734 F.3d at 296; see also Fox v. Colvin, 632 F. App'x 750, 75 (4th Cir. 2015) ("Our circuit precedent makes clear that it is not [the court's] role to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record."). Instead, the appropriate course is to "remand to the agency for additional investigation or explanation" when the court is unable to "evaluat[e] the basis for the ALJ's decision." Radford, 734 F.3d at 295; see also Mascio v. Colvin, 780 F.3d 632, 640 (4th Cir. 2015) (holding that the lack of explanation for discrediting a claimant's statements required remand).

[2] In light of the court's decision to remand the case to the Commissioner, the court declines to address Mr. Redd's remaining claims of error.